UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-80525-CIV-CANNON

**PAVEL DMITRIYEV,** and
**OXANA DMITRIYEV**,

      Plaintiff,
v.

**ATTORNEY GENERAL BONDI,** *et al.*,

      Defendants.
_____/

## ORDER DISMISSING SHOTGUN COMPLAINT AND PERMITTING REPLEADING

**THIS CAUSE** comes before the Court upon a sua sponte review of the record.  On April 30, 2025, Plaintiffs filed their Petition for Writ of Mandamus and Complaint for Injunctive and Declaratory Relief ("Complaint") [ECF No. 1].  The five-count Complaint alleges various constitutional, statutory, and regulatory violations and various government entities and government-related individuals [ECF No. 1 ¶¶ 37–51].  Counts II, III, IV, and V in the Complaint, however, incorporate all preceding allegations, thus rendering the Complaint an impermissible "shotgun pleading" [ECF No. 1 ¶¶ 40, 43, 47, 49].  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").  In addition, Count V, which alleges multiple constitutional violations, is not separated into different counts, thus generating another shotgun pleading problem.  *Id*. at 1323 ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.") [ECF No. 1 ¶¶ 49–

51]. The Court has an independent obligation to dismiss such pleadings and require repleader.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file an amended complaint that is consistent with this Order on or before **May 15, 2025**. **The amended complaint must not contain any successive counts that incorporate all prior allegations**. In other words, Counts I through V may incorporate the same factual allegations (paragraphs 1 through 36), but Counts II through V must not broadly incorporate the allegations of previous counts. **Further, each count must identify the particular legal basis for liability and contain specific factual allegations that support each cause of action within each count**.

3. Failure to comply with this Order may result in dismissal of the case without further notice.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of May 2025.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record